FILED

```
                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA      01 JAN 19 AM 10: 00
                     WESTERN DIVISION           U.S. DISTRICT COURT
                                                 N.D. OF ALABAMA
```

JACKIE M. CHAPPELL,              ]
                                 ]
    Plaintiff(s),              ]
                                 ]
vs.                              ]    CV-00-N-2595-W
                                 ]
METROPOLITAN LIFE                ]
INSURANCE COMPANY, et al.,       ]
                                 ]                        ENTERED
    Defendant(s).              ]
                                                          JAN 19 2001

## Memorandum of Opinion

    The court has for consideration plaintiff's Motion to Remand [Doc. 11]. The court provided defendants with an opportunity to respond to the motion, but defendants chose not to respond. Therefore, the motion is ripe for consideration. The plaintiff's motion will be **GRANTED**.

    Plaintiff is suing on her own behalf and that of her deceased husband. Both were employed as truck drivers for Averitt Express, a defendant in this case. In short, this lawsuit is based on plaintiff's allegation that she is due money from workers' compensation and an insurance plan as the result of an accident she and her husband were in while driving a truck for their employer. As a result of the accident, plaintiff suffered severe injuries and her husband died.

    The complaint states two counts: workers' compensation and breach of contract to pay insurance benefits. Workers' compensation claims are not removable. 28 U.S.C. § 1445(c). The question then becomes whether the court can exercise jurisdiction over the



breach of contract claim. On the one hand, 28 U.S.C. § 1441(a) allows removal of "any action" unless otherwise prohibited. Stated more clearly, section 1441(a) provides for removal of entire actions but not parts of actions. The workers' compensation claim cannot be removed, and therefore the defendants could not have removed only the breach of contract claim.

On the other hand, 28 U.S.C. § 1441(c) adressess removal where a federal cause of action is joined with separate and independent claims that are not removable.

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). The court may, in the exercise of its sound discretion, sever and remand any claims that are nonremovable under § 1445(a) if the remaining claims, those properly removable as federal claims, are "separate and independent" of the non-removable claims. *Gamble v. Central of Georgia Railway Co.*, 486 F.2d 781 (5th Cir. 1973) (holding, in a case in which a nonremovable FELA claim was removed with another removable claim, that the court could have remanded both claims or severed and remanded only the FELA claim).

> Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c). *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 95 L. Ed. 702, 71 S. Ct. 534 (1951). In this case, a single accident occurred, and state and federal claims were filed based on that accident.

2

*In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996). The same is true for this case. Both claims are based on a single incident: the accident in which plaintiff was injured and her husband was killed. The resolution of both claims will involve evidence of the accident. The claims are therefore not separate and independent, and both should be remanded to state court.

Done, this __18th__ of January, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE